AO 241 (Rev. 10/07)                                                                                                Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western |
|---|---|

| Name (under which you were convicted): Francis Ivan Smith III | Docket or Case No.: 2:20-cv-1969 |
|---|---|

| Place of Confinement: Allegheny County Jail | Prisoner No.: 152391 |
|---|---|

| Petitioner (include the name under which you were convicted) Francis Ivan Smith III | v. | Respondent (authorized person having custody of petitioner) Warden Orlando Harper |
|---|---|---|

The Attorney General of the State of

RECEIVED
FEB 26 2021
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Allegheny County Court of Common Pleas Pittsburgh PA

   (b) Criminal docket or case number (if you know): CP-02-CR-6106-2010  CP-02-CR-6061-20

2. (a) Date of the judgment of conviction (if you know): 10/4/11

   (b) Date of sentencing: 10/4/11

3. Length of sentence: 2-4 yrs (18 month RRRI) minimum and 6 years probation

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   11 counts of F2 Burglary          1 Access device fraud
   7 Thefts by unlawful taking       1 Criminal mischief
   3 Theft by deception
   3 Forgeries

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty           ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)
☐ Jury  ☐ Judge only   N/A

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☒ Yes  ☐ No

8. Did you appeal from the judgment of conviction?
☒ Yes  ☐ No

9. If you did appeal, answer the following:
(a) Name of court: Superior Court of Pennsylvania
(b) Docket or case number (if you know):
(c) Result: Conviction affirmed
(d) Date of result (if you know):
(e) Citation to the case (if you know):
(f) Grounds raised:

Plea should have been permitted to be withdrawn as it was raised before sentencing

(g) Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If yes, answer the following:
(1) Name of court: Supreme Court
(2) Docket or case number (if you know):
(3) Result: Denied
(4) Date of result (if you know):

AO 241 (Rev. 10/07)   Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

was it error to deny pre sentence motion to withdraw pleg

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Allegheny County Court of common Pleas

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: PCRA

(5) Grounds raised:

Did court impose an illegal sentence in violation of 18 Pa CS 3502(d) in that defendant was sentenced both for burglary and the underlying offense which wasn't a felony 1 or 2

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Dismissed without a hearing

(8) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Allegheny County Court of Common Pleas

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: PCRA

(5) Grounds raised:

1 Was sentence imposed illegal and in violation of 18 Pa CS 3502(a)

2 Was plea involuntary because sentence imposed was not according to plea agreement

3 Was plea involuntary as defendant was not apprised of mandatory restitution

4. Was PCRA counsel ineffective for failing to raise trial counsel:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ineffectiveness

☐ Yes  ☑ No

(7) Result: Dismissed

and illegal sentence/ involuntary plea issue

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

And in withdrawal

(1) Name of court:

(2) Docket or case number (if you know):

per Turner/

(3) Date of filing (if you know):

Finley no me

(4) Nature of the proceeding:

letter despite

(5) Grounds raised:

valid issues being present.

AO 241 (Rev. 10/07)                                                                                             Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Dismissed

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☑ Yes   ☐ No
(2) Second petition:    ☐ Yes   ☑ No
(3) Third petition:     ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: First petition appealed to Superior Court pro se because counsel was allowed to withdraw. It was dismissed for procedural errors. 2nd Petition was untimely

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentence imposed was illegal and appellate counsel did not raise this issue and PCRA counsel withdrew. Both rendered ineffective assistance of counsel.

(b) If you did not exhaust your state remedies on Ground One, explain why: Neither appellate counsel or PCRA counsel raised this issue. Petitioner did not have PCRA counsel. They were allowed to withdraw.

AO 241 (Rev. 10/07)                                                                          Page 7

    (c)    **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☑ No

        (2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel only raised plea being allowed to be withdrawn. Ineffective Assistance

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes  ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state: PA

        Type of motion or petition: PCRA

        Name and location of the court where the motion or petition was filed: Allegheny County Court of Common Pleas

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

        (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state: PA

        Name and location of the court where the appeal was filed: Superior Court

        Docket or case number (if you know):

        Date of the court's decision: Dismissed because of procedural errors

        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)                                                                 Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Plea was involuntary as the sentence imposed is not in accordance with the plea agreement. Court Imposed No further Penalty on all non burglary counts which did not comport with the plea agreement

(b) If you did not exhaust your state remedies on Ground Two, explain why:

Not raised on appeal by appellate counsel, Not given Post conviction counsel.

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel did not raise it

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241 (Rev. 10/07)  Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Superior Court of PA

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Issue was not raised in original PCRA so it couldn't be raised on appeal

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Plea was involuntary as petitioner was not informed of mandatory restitution BEFORE the trial court accepted the plea.

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

Issue was not raised by appellate counsel or on PCRA. No PCRA counsel. They withdrew.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel failed to raise. Ineffective assistant

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Superior Court

Docket or case number (if you know):

Date of the court's decision: Dismissed for procedural errors

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)                                                                 Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WAS PCRA counsel per se ineffective when they withdrew despite numerous issues of arguable merit. Namely Appellate counsel's ineffectiveness in failing to raise illegal and involuntary sentence. Trial Counsel ineffectiveness in misinforming defendant of sentencing rendering plea involuntary

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Appellate Counsel did not raise issue and PCRA counsel withdrew


(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate Counsel's ineffectiveness

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)                                                                                                   Page 12

Name and location of the court where the motion or petition was filed:

Superior Court

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Superior Court of PA

Docket or case number (if you know):

Date of the court's decision: dismissed procedural errors

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

was uncounseled PCRA appeal and did not

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

AO 241 (Rev. 10/07)                                                                                                Page 13

13.  Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Raised to Superior Court which satisfies requirement

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   Trial court modified plea agreement when it discovered the terms it accepted were illegal and petition desired a trial. Court committed fraud. Need counsel

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)          Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: Candace Ragin

(c) At trial: N/A

(d) At sentencing: Michael Worgul

(e) On appeal: Michael Worgul

(f) In any post-conviction proceeding: They withdrew (Veronica Something?)

(g) On appeal from any ruling against you in a post-conviction proceeding: Appealed Pro Se because counsel withdrew per Turner/Finley no merit letter

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Was not provided counsel in 1st collateral proceeding which is arguable under Martinez v. Ryan 566 US 1

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241 (Rev. 10/07)                                                                                           Page 15

Trial counsel ineffectiveness issues must be raised in a collateral proceeding as such, PCRA counsel's withdrawing per a Turner/Finley no merit letter deprive petitioner of effective assistance on 1st PCRA.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)                                                                                         Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacating of all convictions and sentences with prejudice because trial court committed fraud when imposing sentence.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  2/22/21  (month, date, year).
February 22, 2021

Executed (signed) on  2/22/21  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

